# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00514-CR

---

**Jimmy Paul Hallford, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 428TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-17-0820-B, THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The State charged appellant Jimmy Paul Hallford with the offense of unlawful possession of a firearm by a felon. *See* Tex. Penal Code § 46.04(a). Hallford pleaded not guilty to the charge.

A person who has been convicted of a felony commits the offense of unlawful possession of a firearm if he (1) possesses a firearm (2) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony. *See id*. At the beginning of Hallford's trial, Hallford stipulated to the fact that he had been convicted of a felony and released from confinement within the preceding five years of the alleged commission of the charged offense. Thus, the only disputed issue at trial was Hallford's possession of a firearm.

The jury heard evidence that on June 6, 2017, John David "JD" Tipps was sitting in his parked car outside his workplace in San Marcos when his coworker Hallford, who was sitting in his truck next to Tipps, told him, "JD, look at this." Tipps looked and saw "a pistol pointing at [his] face." Tipps testified that he was "a little shocked" to be "staring down the barrel" of a gun. Hallford "held it there for a few seconds" before putting it away. Tipps asked him if the gun was real, and Hallford told him, "Hell, yeah, JD, it's real." Hallford then "got out of his truck and walked back into the warehouse to finish his shift," while Tipps yelled at Hallford to "never do that again." Tipps did not report the incident to his supervisor or police, but other coworkers who witnessed the incident did.

Debbie McCall, the manager at the warehouse where Tipps and Hallford worked, testified that when the police arrived at the warehouse, she spoke with Hallford regarding the incident. According to McCall, Hallford admitted to her that he "pulled a gun on [Tipps] or put it up to the window." Hallford was told to leave the property, but he "didn't want to leave the property until the gun was removed from his car," so he asked McCall to remove the gun from the glove box of Hallford's truck.

Officer Todd Harrison of the San Marcos Police Department responded to the report of the incident, and he spoke with Hallford, Tipps, and McCall after he arrived at the warehouse. Harrison testified that Hallford admitted that he was in possession of a gun. Harrison accompanied Hallford and McCall to Hallford's truck and observed McCall retrieve the gun from Hallford's glove box. After speaking with other police officers and obtaining information on Hallford's criminal history, Harrison arrested Hallford for unlawful possession of a firearm by a felon.

Photos of the firearm were admitted into evidence, as was the firearm itself. A video recording taken from Harrison's body camera, showing the events that occurred during Harrison's investigation at the warehouse, was also admitted into evidence. Finally, a copy of a letter written by Hallford to a friend, written while Hallford was in jail awaiting trial, was admitted into evidence. In the letter, Hallford admitted that he showed Tipps his gun but denied pointing it at him.

The jury found Hallford guilty of committing the offense of unlawful possession of a firearm by a felon. The district court rendered judgment on the verdict.

During the hearing on punishment, which was before the court, Hallford pleaded true to two enhancement paragraphs alleging prior convictions for the felony offenses of aggravated assault with a deadly weapon and possession of a controlled substance, cocaine. The enhancements elevated Hallford's punishment range to that of a habitual offender. *See* Tex. Penal Code § 12.42(d). At the conclusion of the punishment hearing, the district court sentenced Hallford to 28 years' imprisonment. This appeal followed.

Hallford's court-appointed counsel on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744–45 (1967); *see also Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that he has provided Hallford with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). No pro se brief has been filed.

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining that in *Anders* opinions, court of appeals should not address merits of issues raised in briefing but should only determine if appeal is frivolous). We find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment of conviction.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   December 31, 2019

Do Not Publish